# Ferris's Appeal.

A claim of a creditor, that the sum realized on lands of the debtor sold on sheriff's sale should be treated as larger than it really was, so that the debtor's demand might be covered in the distribution, denied, as inequitable.

(Decided April 26, 1886.)

Appeal from a decree of the Common Pleas of Luzerne County distributing the proceeds of a sheriff's sale. Affirmed.

On March 14, 1872, a judgment was entered against Thomas Trine. Under this judgment certain real estate of defendant was sold by the sheriff to J. W. Peck for $3,010. Peck failed to comply with his bid.

Several other judgments were entered against Trine, which were liens on this real estate. Subsequently the land was again sold by the sheriff and purchased by the same party as before for $1,200. This bid was complied with.

Other judgment creditors of Trine threatened to take steps to have the sale set aside, when Peck entered into an agreement dated September 21, 1872, with a portion of the creditors, that if they would permit the bid to stand he would increase it to $2,500.

Notice was given to Peck to comply with his first bid, and upon his failure to do so the sheriff, as trustee for the creditors, instituted a suit to collect from him the difference between the first bid and $1,200, the amount paid upon the second bid. The sheriff recovered in this action. See Peck v. Whitaker, 103 Pa. 297.

An auditor was appointed to distribute the fund in the hands of the sheriff. This fund was exhausted before the claim of Harriet Ferris, executrix of Theron Ferris, was reached, and she claimed that the agreement of September 21, 1872, should be enforced, and the difference between the $1,200 bid and the $2,500 agreed to be paid should be collected and distributed.

The auditor rejected this claim, and the administratrix appealed.

*W. H. McCartney* and *Q. A. Gates* for appellant.

*S. B. Price* and *George K. Powell* for appellee.

PER CURIAM:

All the money actually produced by the sheriff's sale was distributed by this decree.

If the agreement made after the second sale had been acquiesced in by all the persons interested in the property and its proceeds, equity would have compelled the application of the $2,500 on the liens, and that sum only.

On the contrary that agreement was not assented to by all, and a larger sum was collected and has been distributed. The

effect of this is to relieve against the payment of the $1,300, the difference between $1,200 and $2,500. It would be highly inequitable to hold the fund to be any larger than that distributed by this decree.

Decree affirmed and appeal dismissed, at the costs of the appellant.